THESE were several actions of debt on the official recognizance of John A. Willard, as late Sheriff of New Castle County, against him and his sureties, for the use of Henry P. Baker and Thomas H. Wright, and the facts with the questions involved, were submitted to the Court in the form of a case stated.
On the 15th of October, 1856, a writ of foreign attachment was sued out by Baker on a judgment recovered *Page 12 
before a Justice of the Peace against a certain Jonathan J. Stevens, and delivered to Wright, then a constable of the county, by virtue of which he attached and took into his possession on the same day, certain goods and chattels of Stevens, which were appraised at $315.00; and in the foreign attachment, judgment was afterwards obtained on the 22nd of November following, before the Justice, by Baker against Stevens, for $104.67 debt, interest and costs, on which a writ of fieri facias
was issued the next day, returnable 28th February, 1857, and delivered to Wright as constable, who, on the day last mentioned, made return of the writ "goods sold by sheriff John A. Willard and the money retained by him on an order of court." On the 25th of October 1856, a writ of domestic attachment at the suit of Fithain, Jones Co., against Stevens, was issued out of the Superior Court for the county, and delivered to Willard, then Sheriff of the county, to be executed, on which he attached and took into his possession on that day, the same goods and chattels of Stevens which had been previously attached by Wright as constable; and on the 27th day of May, 1857, having failed to make return of the attachment at the return day, he obtained leave from the court to return the same on which he made the following return; "attached goods and chattels as per inventory and appraisement annexed, subject to prior attachment of Henry P. Baker, by constable Wright." While the goods and chattels were in the hands of Willard on the domestic attachment, an order of court was obtained for the sale of them, and he sold the same, the proceeds of which, after deducting the expenses of keeping them and a claim for rent to which they were subject, amounted to $347.00. On the 28th day of November 1857, judgment was rendered by the court in favor of Fithian, Jones Co., the plaintiffs in the domestic attachment, and on the 9th day of December 1857, on motion of John C. Patterson, Esq., it was ordered by the court that Willard, then late sheriff, *Page 13 
should bring into court the money arising from the sale of the goods and chattels attached and sold by him as aforesaid, on the first day of the May Term 1858, or attachment, and on the 29th of August 1858, an attachment for contempt was issued against him, returnable to the present term of the court.
The actions on the recognizance for the use of Baker and Wright above mentioned were for the same debt, the amount due Baker on his foreign attachment and fi. fa. in the hands of Wright as constable; and the question was, whether either of these actions would lie on the official recognizance of the late sheriff, while he was under the aforesaid order of court to bring the money into court.
If the money had been brought into court on the order, it would have been a good defence to both of the actions. But the officer has not done this, and it is competent for either the constable, or the plaintiff in the foreign attachment and fi.fa. issued by the Justice of the Peace, to maintain the action against the late sheriff and his sureties. This case is distinguishable from the case of Ross v. Jacobs, 2 Harr. 445, as in that case the action was in assumpsit founded on a privity of contract between the parties to the suit, for money had and received by the defendant to the plaintiff's use, and which could not be sustained without proof of such privity. But in this case, which is an action of debt on the official recognizance of a public officer, the action is given by statute and is based on an official duty imposed upon him by law, and not on any privity, or ground of contract whatever, either expressed or implied, between the parties. But as the actions were both for the same debt, the court directed judgment to be entered for the plaintiff in the first case, and for the defendant in the other. *Page 15